UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANTHONY ROBERTSON, <br> Plaintiff, <br> v. <br> SAN FRANCISCO COUNTY SHERIFFS DEPARTMENT, et al., <br> Defendants. | Case No. 19-cv-07509-SI <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND** <br><br> Re: Dkt. No. 1 |

William Anthony Robertson, an inmate at the San Francisco County Jail, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. The complaint is now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

The statement of the plaintiff's claims in the complaint is very short. Plaintiff alleges that he "was denied [his] right to due process in the matter of [his] confinement" in the jail and has "the denied appeal to prove it." Docket No. 1 at 3. He also alleges that he is being "treated indifferently by staff and not given the rights [he is] allotted under the 6th Amendment. Innocent [until] proven guilty and this deputy is using his authority to have other deput[ies] punish [him]." *Id.*

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint is dismissed because it fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint to cure the several deficiencies discussed below.

First, Robertson's allegations that his due process and unspecified Sixth Amendment rights were violated are inadequate because he does not allege any facts in support of these conclusions. A complaint must allege "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. It is more important that a *pro se* plaintiff describe the facts of his problem than that he name the legal theories under which he wishes to proceed -- if the Court understands the facts, the Court usually can figure out the legal theory, but the opposite is not true. In the amended complaint, Robertson must allege a short and plain statement of each claim for relief he wishes to assert.

Second, Robertson appears to want to complain about the processing of an inmate appeal. There is no federal constitutional right to a prison or jail administrative appeal or grievance system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Prison and jail

officials are not liable for a due process violation for simply failing to process an appeal properly, denying an inmate appeal or granting an inmate appeal. In his amended complaint, Robertson should omit any claim about the handling of his inmate appeals.

Third, if Robertson wants to challenge the lawfulness of his current custody, the exclusive method by which he may do so in federal court is by filing a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Fourth, Robertson must link defendants to his claims by alleging facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

Fifth, Robertson lists the San Francisco County Sheriff's Department as a defendant but makes no allegations against that entity. Robertson is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978). Local governments, such as San Francisco County, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *Id.* at 690. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding

3

United States District Court / Northern District of California

the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice. *See id.* at 636-68. If Robertson wants to allege a *Monell* claim against a municipal entity, he must be careful to allege the specific policy, custom or practices of the municipal entity that he contends give rise to liability.

Finally, Robertson should state in his amended complaint whether he was a pretrial detainee or had been convicted when the events and omissions giving rise to his claims occurred. The constitutional basis for some claims is different, and different legal standards may apply, depending on whether the inmate is a pretrial detainee or convict at the relevant time.

## CONCLUSION

The complaint is dismissed with leave to amend. Plaintiff must file an amended complaint that complies with the directions in this order no later than **March 27, 2020**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: February 14, 2020

SUSAN ILLSTON
United States District Judge