UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANTHONY ROBERTSON, <br><br> Plaintiff, <br><br> v. <br><br> SAN FRANCISCO COUNTY SHERIFFS DEPARTMENT, et al., <br><br> Defendants. | Case No. 19-cv-07509-SI <br><br> **ORDER OF DISMISSAL** <br> Re: Dkt. No. 9 |

William Anthony Robertson, an inmate at the San Francisco County Jail, filed this *pro se* civil rights action seeking relief under 42 U.S.C. § 1983. The court dismissed the complaint with leave to amend so that Robertson could attempt to cure several pleading deficiencies. He then filed an amended complaint. The amended complaint is now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

The statement of the claims in the original complaint was very short and conclusory, i.e., Robertson alleged that he was denied "denied [his] right to due process in the matter of [his] confinement" in the jail and was not "given the rights allotted under the 6th Amendment." Docket No. 1 at 3.

The statement of the claim in the *amended* complaint is little better. Robertson alleges that he and every other person arrested in the United States for drug related crimes should be treated as prisoners of war because "all programs for drug addicts were taken away at a state level due to the war on drugs signed into action in 1982 by President R. Region." Docket No. 9 at 3 (error in source).

1  Robertson is "trying to start a claim against the U.S. government" on his theory that he is a prisoner
2  of war. *Id.* Robertson further alleges that he is pretrial detainee who should be treated as innocent
3  until proven guilty but deputy Jocowitz states he can treat Robertson "as so." *Id.*

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The amended complaint fails to state a claim upon which relief may be granted. Robertson's claim that he should be treated as a prisoner of war does not state a claim because it does not allege any facts that suggest the violation of a right secured by the Constitution or laws of the United States. Moreover, Robertson does not link any defendant to this claim by alleging what a defendant did or failed to do that showed a violation of his rights, as the court cautioned him was necessary. *See* Docket No. 7 at 3.

The amended complaint's allegation that a deputy is not treating Robertson as innocent until proven guilty fails to state a claim upon which relief may be granted. The order of dismissal with leave to amend explained that Robertson's conclusory allegations of violations of constitutional rights without any supporting factual allegations were deficient and that the amended complaint needed to "allege a short and plain statement" of each claim he wanted to assert. *Id.* at 2, 3; *see* Fed. R. Civ. P. 8(a)(2). The court explained that, although a complaint "does not need detailed

1  factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to
2  relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a
3  cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above
4  the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).
5  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at
6  570. Robertson's conclusory allegation that deputy Jocowitz is not respecting a presumption of
7  innocence does not state a claim upon which relief may be granted.

8       Further leave to amend will not be granted because it would be futile: the court has already
9  explained what Robertson needed to allege in his amended complaint to state a claim and he was
10 unwilling or unable to do so.

## CONCLUSION

This action is DISMISSED for failure to state a claim upon which relief may be granted. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: July 17, 2020

_____
SUSAN ILLSTON
United States District Judge